(160 App. Div. 856)

PACKARD et al. v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

RAILROADS (§ 350*)—CROSSING ACCIDENTS—ACTIONS—QUESTIONS FOR JURY.

In an action for damages to an automobile which became stalled on a railroad crossing and was struck by a train, evidence *held* to make questions for the jury as to the negligence of the railroad company, and of the driver of the automobile.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

Appeal from Trial Term, Chenango County.

Action by Joseph E. Packard and others against the New York, Ontario & Western Railway Company. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Howard D. Newton, of Norwich, for appellant.
Hubert C. Stratton, of Norwich, for respondents.

LYON, J. The judgment from which this appeal has been taken was founded upon a verdict awarding damages for the practical destruction, by one of defendant's trains, of plaintiffs' automobile, which had become stalled on the East Main street crossing of defendant's railroad in the village of Norwich, N. Y., between 8 and 9 o'clock on the evening of July 6, 1912. East Main street ran east and west, crossing the defendant's three tracks at grade, and at right angles, and was one of the most traveled thoroughfares of the village. The issues involved were as to the negligence of the defendant, and the contributory negligence of the plaintiffs, and both were sharply contested upon the trial.

Upon the question of the negligence of the defendant, several witnesses testified on behalf of the plaintiffs that as plaintiffs' automobile approached and passed over the crossing it was traveling at the rate of eight or ten miles per hour, with its headlight burning; that the crossing gates were up, and there was no flagman upon the crossing; that the six occupants of the car were on the lookout both up and down the tracks for any signs of danger; that, although a long line of cars was standing north of the north sidewalk of the street, the rear car of which was a gondola loaded with coal, there was no light or brakeman upon the car; that no signal was given by whistle, bell, or otherwise indicating that the cars were about to be backed over the crossing; and that the automobile thereupon proceeded to cross the tracks and had crossed two of them, when it became stalled upon the third track and was struck by the backing gondola and shoved nearly three hundred feet down the track, and was practically ruined.

Upon the part of the defendant, several witnesses testified that near the southeast crossing gate was a sign with the letters two or three inches in height, giving notice that there was no flagman on duty at the crossing after 7:10 p. m.; that as plaintiffs' automobile was approach-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing, and while it was passing over the crossing, the conductor stood near the middle of the crossing waving his lantern as a warning both to the driver of a horse and wagon which had preceded the plaintiffs' car, and to the occupants of the automobile, of the danger of attempting to pass over the crossing; and that, after the automobile had become stalled, every effort was made to stop the cars; but that the downgrade and the weight of the train made it impossible.

Thus a clear issue of fact was presented for the determination of the jury as to the negligence of the defendant. Upon the question of contributory negligence, it appears from the testimony of plaintiffs' witnesses that, as plaintiffs' automobile reached the westerly track, a man suddenly stepped in front of the car and but a few feet distant therefrom, whereupon the driver, in order to meet the emergency, and in response to an outcry from one of the plaintiffs, who sat beside the driver, immediately applied the brakes with one foot, and taking the other foot from off the foot pedal or accelerator, by means of which alone gasoline was being supplied to the engine, placed his foot upon the clutch pedal, thereby disconnecting the engine from the transmission and stopping the car within two or three feet of the man, as one of the witnesses testified, but stalling the engine. The driver testified that prior to that time he had observed no indication that the train was about to be moved, but that then hearing the bumpers coming together he realized that the line of cars was being moved backwards. As his car was not supplied with a self-starter, he hurriedly changed the gears, and, turning the switch, ran to the front of the car, cranked the engine, returned to his seat in the car, and, although the engine was then in operation, the gondola had struck it so squarely that it could not be moved. It appears from the evidence that there were two methods of supplying the gasoline mixture to the engine, one by means of the hand throttle, located on the steering wheel, and the other by means of the foot throttle or accelerator, and that it was practical to use both methods in conjunction, and that, had both been in use upon this occasion, releasing the accelerator pedal would not have wholly cut off the supply of gasoline from the engine, and hence stalling the car would have been avoided, and that, as soon as the emergency had passed, the driver by releasing the brake and re-engaging the clutch could have moved the car from the track before the gondola reached it.

The defendant claims that, in view of this evidence, plaintiffs, as matter of law, were guilty of contributory negligence, and hence are precluded from a recovery herein. With this conclusion of defendant's counsel we cannot agree. The driver of the car who was apparently competent, having been licensed as required by law, and with 2½ years' experience in operating automobiles, was required, in practicing his occupation, to use the care of a reasonably prudent man, and we do not think it can be said that, under the circumstances, his failure to use both throttles in running his car constituted such negligence as matter of law as precluded recovery by the plaintiffs. The driver, in operating the car, had the right to rely upon the defendant exercising reasonable care, by giving necessary signals, to warn any person attempting to cross its tracks that the line of freight cars was

about to be backed down over the crossing. It can hardly be said that it was reasonably to be apprehended by a prudent man that the defendant would not exercise such degree of care in the conduct of its business as the law required, and that a necessity would arise for the immediate stoppage of his car upon the track. We think the question of contributory negligence was fairly one for determination by the jury. The questions as to the negligence of the defendant and the contributory negligence of plaintiffs were submitted in clear and impartial instructions by the trial court. There are no exceptions calling for a reversal of the judgment, and the damages awarded cannot be said to have been excessive.

We think, therefore, that the verdict of the jury should not be disturbed but that the judgment and order appealed from should be affirmed.

Judgment and order unanimously affirmed, with costs.